991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ricky BELL, Plaintiff/Appellant,
v.
Howard A. PETERS, Albert C. Esquivel, Jacquie Thornton, et
al., Defendants/Appellees.
 No. 92-1417.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 14, 1993.*
Decided April 23, 1993.
 
 Before CUMMINGS, CUDAHY and MANION, Circuit Judges.
 
 ORDER
 
 1
 Ricky Bell appeals the district court's order granting summary judgment in favor of the defendants, four employees of the Illinois Department of Corrections. Upon consideration of the parties' briefs and the record in this case, we AFFIRM for the reasons stated in the attached district court order.
 
 ATTACHMENT
 UNITED STATES DISTRICT COURT
 CENTRAL DISTRICT OF ILLINOIS
 
 2
 Ricky Bell, Plaintiff,
 
 
 3
 vs.
 
 
 4
 Howard Peters, et al., Defendants.
 
 
 5
 Jan. 24, 1992.
 
 No. 90-2341
 ORDER
 
 6
 The plaintiff, a state prisoner, has brought this civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, various Pontiac correctional officials, violated the plaintiff's constitutional rights by denying him due process in disciplinary proceedings. This matter is before the court for consideration of pending motions.
 
 
 7
 The court will first address the plaintiff's motion for sanctions. In affidavits in support of their motion for summary judgment, certain defendants mistakenly asserted that they had served on the June 20, 1989 Adjustment Committee. The court is satisfied that the mistake was inadvertent, and not an intentional misrepresentation of the facts. The plaintiff's charge of fraud is groundless. The motion for sanctions will be denied.
 
 
 8
 The parties have also filed renewed cross-motions for summary judgment.[1] For the reasons stated in this order, summary judgment will now be granted in favor of the defendants.
 
 
 9
 Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Herman v. National Broadcasting Co., Inc., 744 F.2d 604, 607 (7th Cir.1984), cert. denied, 470 U.S. 1028 (1985). "[I]n determining whether factual issues exist, a reviewing court must view all the evidence in the light most favorable to the non-moving party." Black v. Henry Pratt Co., 778 F.2d 1278, 1281 (7th Cir.1985). However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party there is no 'genuine' issue for trial." Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359 (7th Cir.1988).
 
 
 10
 The following facts are undisputed: On June 12, 1989, the plaintiff received a disciplinary report at the Pontiac Correctional Center. On June 20, 1989, the plaintiff appeared before a prison Adjustment Committee on the charges. The committee found the plaintiff guilty of the charges.
 
 
 11
 The plaintiff immediately filed a grievance regarding the disciplinary proceedings. Although the Institutional Investigator found that the "incident occurred as reported," the Administrative Review Board remanded the matter for additional, specific information as to the basis for the guilt finding.
 
 
 12
 On or about December 13, 1989, the Adjustment Committee prepared a revised statement of reasons for the guilt finding.[2] By that time, the plaintiff had been transferred to another institution. The Committee issued a new disciplinary summary pursuant to the ARB's mandate. The plaintiff contends that the disciplinary proceedings violated his constitutional rights in several respects. The court disagrees.
 
 
 13
 In prison disciplinary proceedings, an inmate is entitled to (a) receive advance written notice of the charges against him; (b) request witnesses and present documentary evidence in his defense (subject to the discretion of correctional officials); and (c) receive a written statement of the reasons for the disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974). Here, the plaintiff received all the procedural safeguards mandated by the Constitution.
 
 
 14
 There is no triable issue as to whether the plaintiff received proper notice of the charges against him. It is undisputed that an officer served the plaintiff with a copy of the disciplinary report on June 13, 1989; the hearing was held June 20, 1989. (The plaintiff was not entitled to notice of the "rehearing," since no rehearing was held. Rather, the Administrative Review Board remanded the matter to the Pontiac Correctional Center "for additional, specific information to be contained in the Basis for Decision in finding the inmate guilty.")
 
 
 15
 The court finds no authority to support the plaintiff's argument that he was constitutionally entitled to know the exact date of the hearing; D.O.C. rules simply mandate that an inmate receive notice of the charges against him "no less than 24 hours prior to the Adjustment Committee hearing," and that the hearing be convened "within eight calendar days after the commission of the offense of its discovery." Ill.Admin.Code, tit. 20, § 504.80(a), (b) (1988). The plaintiff's disciplinary hearing took place seven days after he received the conduct report. The plaintiff received advance notice of the charges, in compliance with due process safeguards.
 
 
 16
 The court is particularly skeptical of the plaintiff's notice claim since he never raised such a claim in his prison grievances, in which he charged several other procedural violations. Had the plaintiff alleged that he had received insufficient notice of the charges against him, correctional officials could have provided notice and a rehearing when they remanded the matter.
 
 
 17
 The plaintiff further claims that two of his three requested witnesses were excluded. The right to call witnesses is basic to a fair hearing. Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Prison Adjustment Committees must state, either in the disciplinary record or in open court proceedings, their reasons for denying a request for witnesses. Ponte v. Real, 471 U.S. 491, 497 (1985). Here, the record shows that the plaintiff's request was properly denied because the plaintiff failed to request witnesses in accordance with departmental rules.
 
 
 18
 The plaintiff's request for witnesses was not signed or dated, nor did the plaintiff submit his request prior to the hearing. Accordingly, pursuant to Departmental Rule 504.80(h)(3), the plaintiff's request for additional witnesses was denied as improper and untimely.
 
 
 19
 There were additional problems with the plaintiff's witnesses. The hearing investigator did interview inmate Moore, whose testimony the Adjustment Committee found contradictory. In addition, a grievance officer was unable to verify that "witnesses" Moore and Johnson had actually written statements attributed to them, because the handwriting did not appear to match handwriting samples in their master files. Furthermore, the statements of both witnesses referred to activity on a different gallery of the protective custody unit than the gallery where the alleged misconduct had occurred. The plaintiff provided an invalid identification number for his third supposed witness, an inmate Hall. The Adjustment Committee properly disapproved the plaintiff's untimely witness request; in any event, the record reveals that prison officials eventually investigated and rejected the testimony of the plaintiff's purported witnesses.
 
 
 20
 The plaintiff's argument that there was an inadequate statement of the reasons for finding him guilty is also without merit. It is important to note that this court does not sit in review of the correctness of the prison's disciplinary decisions. The plaintiff can only prevail on his Fourteenth Amendment claim if the procedures used to arrive at that sanction do not comport with due process. There is sufficient basis for a reviewing court to approve the disciplinary board's decision if "some evidence" supports the decision made by the board. Superintendent, Massachusetts Correctional Institution, Walpole v. Hill, 472 U.S. 445, 455 (1985); Hanrahan, 747 F.2d at 1141. Here, the record is satisfactory.
 
 
 21
 The reporting officer's disciplinary ticket stated:
 
 
 22
 On the above date and time this officer was locking up WPCU yard that had returned to the cellhouse. Resident Bell followed this officer up to 6 gallery. After 6 gallery was secured on the gallery and the gate locked, Resident Bell said, 'I'm going to kick your mother fucking ass if you write me a ticket again and don't mind your own business. Say you won't write me a ticket fucker. Say it or I'll kick your ass.' This officer said nothing. Resident Bell then said, 'It's just me and you, mother. You ain't got no mother fucking gun now, mother fucker. You'd better mind your own fucking business and better not write me no more tickets or I'll kick your ass.' This officer said nothing and waited for Resident Bell to swing at me. Resident Bell didn't, turned and walked down the gallery (6 gallery) saying he'll get me, my day will come. Then he locked up in his cell, 817. Resident Bell was referring to a ticket I had written him three weeks ago and a problem he and Officer McQuire was having 6/11/89, while this officer was on the catwalk in WPCU and had to step in (so to speak).
 
 
 23
 The Adjustment Committee's revised report of December 13, 1989 recorded the following proceedings:
 
 
 24
 Report read. Inmate immediately stated the incident never happened. That the C/O must have him mixed up with someone else. He stated there were 3 inmates with him when he came in from WPC Yard. He listed same as witnesses. He stated that he was on the way in from rec yard at about the time of the incident.
 
 
 25
 After reviewing the available information, the Committee found the plaintiff guilty of the offenses charged. Their stated reasons for the decision were as follows:
 
 
 26
 Based on the observation of reporting employee in that inmate Bell threatened employee, the positive ID of the inmate by reporting employee, the inmate admitted at the hearing that he was at the scene of the incident at the time the incident took place, inmate admitted also that the officer stopped him and they had words on the brakes of the WCH when the yard came in, the Committee is satisfied that violation occurred as reported.
 
 
 27
 The record provides adequate reasons for the Adjustment Committee's rejection of the plaintiff's "mistaken identity" defense. Of the two witnesses who gave testimony, one made contradictory statements as to who was present during the incident, and both referred to events in a gallery other than where the alleged violation had occurred. Moreover, the grievance officer found both written statements to be of dubious authenticity. The plaintiff's admission that he did "have words" with the reporting officer, as well as the officer's positive identification of the plaintiff based on previous encounters, all constitute ample evidence for the guilt finding. The Committee stated its reasons for rejecting the alibis of the plaintiff and his witnesses. The record reflects sufficient evidence for a finding of guilt, and the Committee's written summary satisfied due process.
 
 
 28
 The absence of witnesses to the incident (besides the plaintiff and the reporting officer) did not preclude the Adjustment Committee from finding the plaintiff guilty on the basis of the reporting officer's testimony. Officer Lehning stated that he "has had previous problems with Inmate Bell and knows him well by name and face". Furthermore, the Committee, noting discrepancies in the plaintiff's alibi, rejected the plaintiff's defense that Lehning had "mixed him up" with someone else. The Court also notes that the plaintiff was, in fact, housed in Cell 817, where the reporting officer says the plaintiff "locked up" after the brief altercation. The Committee stated adequate reasons for believing the reporting officer over the plaintiff.
 
 
 29
 In his motion for summary judgment, the plaintiff now claims that he never told the Adjustment Committee that he had exchanged words with the reporting officer. However, it is not the function of this court to rehear or reweigh evidence. "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." McKinney v. Meese, 831 F.2d 728, 733 (7th Cir.1987) (emphasis added). Although the findings of the Institutional Inquiry Board and Administrative Review Board are not binding on the court, the charges against the plaintiff underwent several levels of review, and each decision maker concluded that the plaintiff was guilty of threats and intimidation. To allow the plaintiff to challenge the matters reported in the disciplinary summary would render every disciplinary proceeding subject to judicial review.
 
 
 30
 In summary, the court finds that no material facts are in dispute and concludes that the defendants are entitled to judgment as a matter of law. The record reveals that the plaintiff received full due process: he received notice of the charges; he was permitted to appear before the Adjustment Committee to contest the charges; his witnesses were investigated, although he did not make a proper request for witnesses; and the Adjustment Committee summary provided an adequate statement of reasons for the guilt finding. Consequently, the plaintiff's motion for partial summary judgment will be denied and the defendants' cross-motion for summary judgment will be allowed.
 
 
 31
 IT IS THEREFORE ORDERED that the plaintiff's motion for partial summary judgment (docket # 34) is denied.
 
 
 32
 IT IS FURTHER ORDERED that the plaintiff's motion for sanctions (docket # 43) is denied.
 
 
 33
 IT IS FURTHER ORDERED that the defendants' motion for summary judgment (docket #41) is allowed. The Clerk of the court is directed to enter judgment in favor of the defendants and against the plaintiff pursuant to Fed.R.Civ.P. 56. The case is terminated. The parties are to bear their own costs.
 
 
 34
 /s/Harold A. Baker
 
 HAROLD A. BAKER
 UNITED STATES DISTRICT JUDGE
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 By order of April 30, 1991, the court denied the parties' previous motions, finding the record incomplete
 
 
 [2]
 The plaintiff asserts that a rehearing was held; however, the documents indicate that the matter was simply remanded to the Adjustment Committee for a more complete statement of facts